# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KEDWIN TAVARES, | : | Case No.: |
| Plaintiff. | : | |
| | : | **VERIFIED COMPLAINT** |
| -against- | : | |
| THE CITY OF NEW YORK, a municipal entity | : | JURY TRIAL DEMANDED |
| THE NEW YORK CITY POLICE DEPARTMENT, | | |
| P.O. ESTHARLIN LOPEZ (Badge#3157). | : | |
| Defendants. | : | |

Plaintiff, KEDWIN TAVARES (Hereinafter "Plaintiff"), by and through his attorney, JOSHUA DAYAN, ESQ., of the DAYAN LAW FIRM, P.L.L.C. files this Verified Complaint as against the above-named defendants (Hereinafter collectively, "Defendants"), as follows:

## PRELIMINARY STATEMENT

1. This action is brought by Plaintiff for a judgment of compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C.§1983 and 42 U.S.C.§1988 as against Defendants "THE CITY OF NEW YORK" (Hereinafter "the City"), "THE NEW YORK CITY POLICE DEPARTMENT," (Hereinafter "NYPD"), and "P.O. ESTHARLIN LOPEZ (Badge#3157)" (Hereinafter "P.O. Lopez") for violations of Plaintiff's civil rights, as said rights are secured by said statutes and the Constitutions of both the State of New York and the United States.

2. On the evening of September 9, 2023, Plaintiff Kedwin Tavares was escorted out of a free and publicly accessible concert by members of the NYPD, including but not limited to P.O. Lopez. As a result, Plaintiff began to vocally protest the NYPD police officers' actions while standing amongst the public, to which Defendant P.O. Lopez responded by

3

violently shoving and incessantly punching Plaintiff in his head multiple times, causing

Plaintiff to faint and collapse on the floor. After violently and savagely beating Plaintiff,

P.O. Lopez proceeded to wrongfully arrest Plaintiff and initiated frivolous charges

against him—including but not limited to "Resisting Arrest"— all of which were

dismissed by way of A.C.D. in Manhattan Criminal Court under Case# CR-026138-

23NY.

3. Moreover, after the wrongful actions carried through by P.O. Lopez against Plaintiff, and

after the Manhattan District Attorney's office granted Plaintiff's A.C.D., upon

information and belief, the Manhattan District Attorney's office launched an

investigation into the possible criminality of P.O. Lopez's actions towards Plaintiff,

which upon information and belief is currently ongoing.

## THE PARTIES

4. Plaintiff is an individual, currently residing in the State of New Jersey, County of Bergen,

at the address of 263 W Forest Avenue, Englewood, New Jersey 07631.

5. Defendant the City was and still is a municipal corporation, duly organized and existing

under and by virtue of the law of the State of New York.

6. Defendant the NYPD was and still is a municipal corporation and/or municipal police

department, duly organized and existing under and by virtue of the law of the State of

New York.

7. P.O. Lopez is a police officer and/or detective employed by the City and NYPD at the

70th NYPD Precinct, with a Badge #3157 and a Tax Registration# 959766. At all times

hereinafter mentioned, Defendant P.O. Lopez was an agent, servant, and/or employee of

Defendants the City and NYPD; and was acting for, upon, and in course of and in

4

furtherance of the business of his employers and within the scope of his employment for Defendants City and NYPD.

8. At all times hereinafter mentioned, Defendants City and NYPD employed police officers, including but not limited to P.O. Lopez and others that were involved in Plaintiff's wrongful arrest.

9. At all times hereinafter mentioned, Defendants City and NYPD owned, maintained, supervised, managed, operated, inspected, and controlled the various police, facilities, police stations, police precincts, police equipment, police vehicles, all hereinafter mentioned in this Verified Complaint.

10. At all times hereinafter mentioned, all of the actions of the police officers alleged herein, including but not limited to P.O. Lopez were done within the scope and course and in furtherance of their employment with Defendants City and NYPD and under color of the state law.

## JURISDICTION AND VENUE

11. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C § 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

12. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

5

13. Venue as to each defendant is proper in this district pursuant to 28 U.S.C. § 1391(b) and (e) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and/or a substantial part of property that is subject of the action is situated in this district, and/or because the plaintiffs reside in this District, and/or because a defendant resides in this district and is subject to personal jurisdiction at the time this action is commenced, and/or pursuant to 28 U.S.C. § 1401(a)(1) because plaintiff resides in this district, as set forth hereinafter.

## JURY DEMAND

14. Plaintiff Kedwin Tavares respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## SPECIFIC ACTS GIVING RISE TO THIS ACTION
## AND FACTS COMMON TO ALL CLAIMS

15. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

16. Prior to the commencement of this action, and within ninety (90) days after the happening of the incident herein, Plaintiff served a Notice of Claim in writing upon the Defendant the City.

17. A 50-h hearing was held.

18. This action is commenced within one (1) year and ninety (90) days of the date when the incident occurred to the Plaintiff.

19. On September 9, 2023, Plaintiff arrived at 178 Ludlow St, New York, NY 10002 for a free and publicly accessible concert that was advertised on social media.

6

20. At the concert, NYPD police officers, including but not limited to P.O. Lopez were present in NYPD uniform for crowd control and separated the general public from the concert venue with movable metal gates.

21. When Plaintiff arrived at the venue of the concert, he stood on line to be let in through the entry gates, and when it was his turn to be let in, police officers wearing NYPD uniforms let him in without any issue whatsoever, as this was a free event for all to enter. (Please see **Exhibit "A,"** Social Media Post).

22. Plaintiff remained within the concert for approximately 30 minutes before receiving a communication from his friends that the NYPD police officers at the entry gates were no longer allowing anyone else into the concert.

23. Plaintiff approached the entrance, where he saw the NYPD police officers at the entrance gate and asked them if they could allow his friends into the concert, to which the police officers responded: "no, you need a ticket to be here."

24. Plaintiff informed the officers that this was a free event, as advertised on social media, but the officers insisted that this was not a free event.

25. Plaintiff further informed the police officers that he and a multitude of other people were admitted into this event by the same police officers without a ticket, and that the officers claiming to need a ticket were mistaken.

26. Frustrated, the NYPD police officers told Plaintiff that because he did not have a ticket for entry, he must leave the event, to which Plaintiff responded that he did not have to leave as this was a free event, that he was already permitted entry by NYPD officers without any request for an "entry ticket," and that he would not leave.

27. The NYPD police officers, including Defendant P.O. Lopez proceeded to grab Plaintiff, and forcibly throw Plaintiff out of the concert venue and into the street area where the general public was standing.

28. At this point, no police misconduct is alleged.

29. Embarrassed and feeling like the NYPD police officers were abusing their power, Plaintiff began to verbally *protest* against the police officers, stating that they were wrong, stating that this was a free event, stating that the police were abusing their power, stating that Plaintiff would report them and that the involved officers, including P.O. Lopez would lose their badges and jobs, in addition to saying curse words at them, such as "Fu** You!," or "You're an A** Hole!"

30. At no point did Plaintiff physically touch the police officers, nor did Plaintiff attempt to jump over the entry gates. Rather, Plaintiff verbally and vocally protested against the police officers, all within his constitutional rights.

31. Angry that Plaintiff was publicly protesting their actions and stating that Plaintiff will report them and get the officers fired, a police officer (other than P.O. Lopez) unilaterally pushed aside the metal gates that separated the concert from the general public and approached Plaintiff's face yelling at him "I wish you would! I wish you would!" at which point P.O. Lopez ran up to Plaintiff physically grabbing Plaintiff, continuing to shove Plaintiff in an intimidating, aggressive, physical and unhinged manner until P.O. Lopez began to relentlessly, ruthlessly, and needlessly punch Plaintiff in his head approximately 10 times, even after multiple police officers had tried to pull P.O. Lopez away from Plaintiff.

32. Indeed, even after multiple NYPD police officers jumped to subdue P.O. Lopez from continuing his physical assault on Plaintiff and to breakup the one-sided beatdown, P.O. Lopez continued to punch Plaintiff in the head with full force.

33. Indeed, after Plaintiff was beaten by P.O. Lopez and before he could be placed into an NYPD Police vehicle, Plaintiff lost consciousness, fainted and fell to the floor at the scene.

34. After beating Plaintiff, P.O. Lopez and other NYPD police officers proceeded to arrest Plaintiff, and placed him in an NYPD police vehicle to be transported to the nearest police precinct.

35. At the police precinct Plaintiff requested medical attention because he felt pain and dizziness from the punches he sustained from P.O. Lopez.

36. While Plaintiff was alone in his jail-cell at the police precinct, P.O. Lopez approached Plaintiff and threatened him in sum and substance stating: "If you ask for medical attention again, I will charge you with assaulting a police officer."

37. Plaintiff needed medical treatment, but due to the above threats of P.O. Lopez, Plaintiff did not ask for medical treatment again until he was released from NYPD custody and away from P.O. Lopez.

38. Plaintiff later learned that he had been charged with Obstructing Governmental Administration in the Second Degree (Penal Law 195.05) and Resisting Arrest (Penal Law 205.30).

39. Both of these charges were false; Plaintiff had not interfered with the police's execution of their lawful duties and did not resist arrest at all.

9

40. Plaintiff would have to return to Manhattan Criminal Court multiple times until the assigned Assistant District Attorney indicated that given the circumstances of the case, video surveillance footage of the incident, etc….an Adjournment in Contemplation of Dismissal is warranted.

41. Plaintiff suffered significant physical, mental, and emotional injuries as a result of being subjected to the physical brutality and abuse of power by P.O. Lopez.

42. Following the incident and wrongful arrest in question, Plaintiff suffered prolonged head pain, headaches, shoulder/back pain, and fainted at the scene.

43. Upon information and belief, the Defendant police officers, including P.O. Lopez's arrest of Plaintiff under charges of Obstructing Governmental Administration in the Second Degree (Penal Law 195.05) and Resisting Arrest (Penal Law 205.30) were "cover charges" created in order to attempt to justify the Defendant police officer's conduct and arrest of Plaintiff in the absence of probable cause.

44. Upon information and belief, Plaintiff was arrested and brutalized in retaliation of and in order to punish his freedom of speech and protests against the very police officers that brutalized him, and to send a message either generally or to Plaintiff specifically that free expression against the NYPD will be met with a brutal fist of suppression, violence, and made-up criminal charges.

45. As a result of the foregoing, Plaintiff sustained, inter alia, mental anguish, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

46. As a result of Defendants' constitutionally violative conduct, Plaintiff respectfully demands a judgment from Defendants in a sum of money to be determined at trial.

10

## FIRST CAUSE OF ACTION:
## DEPREIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

47. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

48. All of the aforementioned acts of the Defendants City, NYPD, and P.O. Lopez, their agents, servants and employees, were carried out under the color of state law.

49. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the First, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Section 1983.

50. The acts complained of were carried out by the aforementioned individual defendants in their capacity as police officers and/or detectives, with all of the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and/or detectives, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

52. As a result of the foregoing, Plaintiff was put in fear for his safety, harassed, battered, and caused to suffer significant emotional and physical painful injuries to his head, back, neck, and body.

53. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, expenses, and damage to his reputation and standing with his community.

11

54. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum to be determined at trial together with punitive damages as against each Defendant.

## SECOND CAUSE OF ACTION:
## FALSE ARREST UNDER 42 U.S.C. §1983

55. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

56. As a result of the aforesaid conduct by Defendants, Plaintiff was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined against his will without necessary probable cause, privilege, or consent.

57. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

58. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum to be determined at trial together with punitive damages as against each Defendant.

## THIRD CAUSE OF ACTION:
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

12

60. Defendant P.O. Lopez used excessive force against Plaintiff by pushing, shoving, and punching Plaintiff in his body and head approximately 10 times with full force, even after multiple by-standing police officers attempted to restrain P.O. Lopez.

61. Defendant P.O. Lopez in sum and substance assaulted and battered Plaintiff by aggressively, needlessly, violently, and intimidatingly pushing, shoving, and punching Plaintiff in a one-sided beatdown, in a completely unhinged, unprofessional, and unconstitutional manner.

62. At no point during the above-mentioned actions did the circumstances presented to the Defendants support any of the above-mentioned applications of force on Plaintiff.

63. Plaintiff was subjected to excessive force in violation of his rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

64. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum to be determined at trial together with punitive damages as against each Defendant.

**FOURTH CAUSE OF ACTION:**
**RETALIATION FOR FIRST AMENDEMENT**
**PROTECTED EXPRESSION UNDER 42 U.S.C. §1983**

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

66. Plaintiff's verbal expressions against the NYPD Police officers that expelled him from the concert were constitutionally protected under the First Amendment of the United States Constitution.

67. Plaintiff had every constitutional right to stand where he was and to state that the police officers were wrong, that this was a free event, that the police were abusing their power,

13

that Plaintiff would report them and that the involved officers, including P.O. Lopez would lose their badges and jobs, in addition to saying curse words at them, such as "Fu** You!," or "You're an A** Hole!

68. P.O. Lopez, angry at Plaintiff's expression of free speech, retaliated against him with constitutionally impermissible force, violently punching Plaintiff—in front of a multitude of bystanders— approximately 10 times and proceeding to wrongfully arrest him when there was no probable cause for arrest.

69. Plaintiff was not engaged in any illegal activity of any kind or sort when P.O. Lopez attacked and arrested him.

70. P.O. Lopez utilized excessive force against Plaintiff in order to retaliate against him for lawfully exercising his First Amendment protected rights to free speech, expression, and association.

71. As a result of P.O. Lopez's actions, Plaintiff was in fact unable to continue to protest at the scene, as he fainted, was arrested and brought to a police precinct, where he would be charged with crimes that he did not commit.

72. The actions of the Defendant police officers, including P.O. Lopez heretofore described, were designed to and did cause bodily harm, emotional harm, pain and suffering, in addition to constitutionally violative arrests/prosecutions in direct retaliation for Plaintiff's exercise of his civil and constitutional rights of free speech, free expression and free expressive association as guaranteed by 1st and 14th Amendments to the United states Constitution as well as the Constitution of the State of New York.

73. As a result of the foregoing, Plaintiff is entitled to compensatory damages and punitive damages against the Defendants in amounts to be determined at trial.

14

74. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses and damage to his reputation and standing within his community.

75. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial, including punitive damages as against Defendants.

### FIFTH CAUSE OF ACTION
### ASSAULT AND BATTERY

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

77. On or about September 9, 2023, Defendant police officer P.O. Lopez attacked Plaintiff and viciously punched him in his head and body approximately 10 times.

78. Indeed, even if probable cause for an arrest of Plaintiff existed—and probable cause did not exist— P.O. Lopez's attack on Plaintiff constituted an assault and battery, causing Plaintiff injuries and damages of a physical, emotional, and psychological degree.

79. P.O. Lopez's physical attack on Plaintiff was not privileged and was without justification.

80. The assault and battery by P.O. Lopez was done intentionally, maliciously, and with wanton cruelty entitling Plaintiff to both compensatory damages and punitive damages.

81. P.O. Lopez assaulted and battered Plaintiff in the course of his employment as an NYPD Police Officer and in furtherance of his employment as a police officer for the purpose of arresting Plaintiff without necessary probable cause and retaliating against him for his vocal expressions against the police on the night of issue. Accordingly, Defendants NYPD and City are liable for said assault and battery as well as is P.O. Lopez.

15

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

82. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

83. Defendant P.O. Lopez intentionally and deliberately inflicted emotional distress upon Plaintiff by maliciously attacking him, falsely arresting, and threatening him with additional criminal charges.

84. Defendant P.O. Lopez's conduct was outrageous and extreme, intentional and/or reckless and caused emotional distress and bodily injury to Plaintiff.

85. Accordingly, Plaintiff is entitled to judgment against Defendants for the aforementioned wrongful conduct, including an award of punitive damages as against Defendants.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION
## UNDER NEW YORK STATE LAW

86. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

87. Defendants NYPD and the City negligently hired, trained, supervised, and retained the P.O. Lopez; Defendant NYPD and City were careless, negligent, and/or reckless in the hiring, training, supervision, overseeing, and retention of Defendant P.O. Lopez.

88. As a result of this negligent and/or reckless hiring, training, supervision, overseeing, and retention, Plaintiff has suffered and continues to suffer damages.

89. Defendant P.O. Lopez was and is unfit to be a member of NYPD, with violent propensities, and clear anger-issues that erupted on Plaintiff on the night of issue, injuring him and subjecting him to violations of his Constitutional Rights.

16

90. Indeed, Defendants City and NYPD failed to take action to remedy, train, discharge, and/or retrain P.O. Lopez, even after having notice of his propensities for violence.

91. As such, Plaintiff respectfully demands judgment as against all Defendants in an amount to be determined at trial.

## PUNITIVE DAMAGES

92. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

93. The intentional and willful malicious conduct of P.O. Lopez in this case, as he continued to advance upon Plaintiff in a physical, aggressive, outrageous, extreme, overwhelming, and constitutionally violative fashion until he began to beat and punch Plaintiff and later threatened him with the initiation of additional criminal charges warrants an award of Punitive Damages in this case.

**WHEREFORE** and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction in this case and:

(a) Award appropriate compensatory damages as against Defendants in an amount to be detemrined at trial.

(b) Award appropriate punitive damages as against Defendants in an amount to be deterined at trial.

(c) Empanel a jury.

(d) Award attorney's fees pursuant to 42 USC Section 1988.

(e) Award such other and further relief as the Court deems to be in the interest of justice.

17

Dated: April 1, 2024
Kew Gardens, New York

**DAYAN LAW FIRM, P.L.L.C.**

Joshua Dayan, Esq.
Attorney for Plaintiff
80-02 Kew Gardens Rd, Kew Gardens NY
11415, Suite #902
(347)-513-6233
Joshua@dayanlawfirm.CO

18

# **VERIFICATION**

STATE OF NEW JERSEY    )

COUNTY OF BERGEN    )

RE:    *KEDWIN TAVARES v. THE CITY OF NEW YORK, ET AL.*

KEDWIN TAVARES, being duly sworn deposes and says:

Deponent is a PLAINTIFF in the within action; he has read the foregoing and attached COMPLAINT and knows the contents thereof and the same is true to deponent's own knowledge, except as to the matters herein stated to be alleged upon information and belief and as to those matters, he believes them to be true.

*Kedwin Tavares Varona*

KEDWIN TAVARES

State Florida County Okaloosa

Sworn to before me this 1st

day of    April   , 2024

by   Kedwin Tavares Varona   provided US Passport for ID

*Ozella Mae Moore*

NOTARY PUBLIC

OZELLA MAE MOORE



OZELLA MAE MOORE
Notary Public - State of Florida
Commission # HH 391605
Expires on June 13, 2027

Notarized remotely online using communication technology via Proof.